**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Best Western International, Inc., | ) | No. CV 10-883-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Jai Khodal, Inc.; Bakul A. Lewapatidar; Deven S. Patel, | ) | |
| Defendants. | ) | |

    Pending before the Court is Plaintiff's motion for "temporary restraining order with notice." Doc. #7. Although Plaintiff does not call its motion a motion for preliminary injunction, because Plaintiff appears to be seeking removal of the Best Western marks for at a minimum the duration of this litigation, the Court will treat the motion as a request for a preliminary injunction.

    The Court will require Defendants to respond to the motion. If Defendants fail to respond to the motion, the Court will deem that failure to respond to be consent to the motion being granted (*see* Local Rule Civ. 7.2(i)) and the Court will grant the motion without holding a hearing. If Defendants respond, the Court will set an evidentiary hearing on the

motion.[1]

Finally, Plaintiff suggests that this Court grant the motion without requiring a bond because bond was waived in the contract between the parties. Plaintiff cites nothing to support its argument that the bond requirement is waivable. Plaintiff will be required to supplement its briefing on this issue; and in the alternative, propose a bond amount.

Based on the foregoing,

IT IS ORDERED that Defendants shall respond to the motion for temporary restraining order (which the Court has construed as a motion for preliminary injunction) by May 17, 2010 or the Court will deem the failure to respond to be consent to the motion being granted. (The Clerk of the Court shall send a copy of this order to Defendants at the address listed on the certificate of mailing of the motion for temporary restraining order, Doc. #7 at page 18.)

IT IS FURTHER ORDERED that Plaintiff shall file a supplemental brief regarding the bond issue by May 17, 2010.

DATED this 5th day of May, 2010.

_____
James A. Teilborg
United States District Judge

---

[1] If Defendants respond, they should note that the standard for seeking a preliminary injunction relied on by Plaintiff has been impliedly overruled by the Supreme Court, *Winter v. Natural Resources Defense Council*, __ U.S. __, 129 S.Ct. 365, 376 (2008), and expressly overruled by the Ninth Circuit Court of Appeals, *American Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). Defendants should use the correct standard in their response.